IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PRESTON GRISHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-02023 |
| | ) | |
| DANIEL PRITCHER, Associate Warden, and | ) | Judge Trauger |
| RANDELL RUNION, Chaplain, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION</u>

Plaintiff Preston Grisham, a state prisoner incarcerated at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed a complaint in this court under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against defendants Daniel Pritcher, Associate Warden of SCCF, and Randell Runion, SCCF Chaplain. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

I.      **Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.        Factual Allegations

The plaintiff states that he practices the "Hanifa [sic] school of thought,"[1] and that he has been an adherent of this branch of the Muslim faith for several years. He alleges that defendants Pritcher and Runion have violated and continue to violate his First Amendment right to freely practice his religion by refusing to designate a room in which he and other practitioners of the Hanafi school of thought can study and practice their religion. Specifically, the plaintiff alleges that he has requested to be allowed to meet in a designated space "two times a week for studies [and] communal prayers," but the defendants have denied his requests. (ECF No. 1, at 3.) The plaintiff contends that the defendants, in refusing to recognize the Hanafi community members' right to practice their religion, have treated the plaintiff and Hanafi practitioners differently from other religious groups.

The plaintiff seeks injunctive relief and court costs only.

## III.        Discussion

The plaintiff's complaint is brought under 42 U.S.C. § 1983 and RLUIPA.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). In the present case, the plaintiff

---

[1] The court presumes that the plaintiff intends to state that he is an adherent of the *Hanafi* (rather than *Hanifa*) school of the Muslim faith. The Hanafi school is "one of the four Sunni *madhhabs* (schools of law) in *fiqh* (Islamic jurisprudence)." *See* www.Wikipedia.org/wili/Hanafi (last accessed Dec. 11, 2014). *See also* www.islamic-laws.com/articles/sunnischools.htm (last accessed Dec. 11, 2014).

alleges that defendants, who are SCCF employees, deprived him of rights secured by the First Amendment.

As an initial matter, the court presumes that the defendants, as prison employees, are persons acting under color of state law for purposes of § 1983. The plaintiff does not expressly state whether he intends to sue the defendants in their official capacity or individual capacity. Because the plaintiff alleges the existence of a prison policy implemented by the defendants, the court presumes the plaintiff intends to sue them in both their official and individual capacities. Moreover, because the plaintiff seeks prospective injunctive relief only, the official-capacity claims against the defendants are not barred by sovereign immunity even if the defendants are technically state employees.[2] *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) ("To ensure the enforcement of federal law, . . . the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908))). The question, then, is whether the defendants have deprived the plaintiff of a right secured by federal law or the Constitution.

The First Amendment to the United States Constitution states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." The First Amendment is applicable to the States by virtue of its incorporation by the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Prison inmates retain the First Amendment right to exercise their religion, subject to reasonable restrictions and limitations, and may bring suit under 42 U.S.C. § 1983 to protect that right. *See Bell v. Wolfish*, 441 U.S. 520, 549–51 (1979).

In addition, RLUIPA, which expands First Amendment protections accorded prisoners with respect to their religious beliefs, specifically states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
>
>> (1) is in furtherance of a compelling governmental interest; and
>>
>> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). In other words, the standard of review under RLUIPA is less deferential toward

---

[2] SCCF is operated by CCA, a private corrections management firm. It is unclear at this stage whether defendants are employed directly by CCA or by the state of Tennessee.

the reasons given for the government policy than under the First Amendment. *See Holt v. Hobbs*, 574 U.S. ----, ---- S. Ct. ----, 2015 WL 232143, at *3 (Jan. 20, 2015) ("Congress enacted RLUIPA and its sister statute, the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb *et seq*., "in order to provide very broad protection for religious liberty." (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. ----, 134 S. Ct. 2751, 2760 (2014)).

Under either statutory scheme, however, to state a *prima facie* case for purposes of the initial screening required by the PLRA, a prisoner-plaintiff must simply allege facts showing that he has sincerely held religious beliefs and that a prison policy places a substantial burden on the plaintiff's ability to practice a fundamental or indispensable religious observation. *See Holt v. Hobbs*, 2015 WL 232143, at *6 (noting that, under RLUIPA, the prisoner-petitioner bore the initial burden of proving that the prison's policy implicated his sincerely held religious belief and also that the policy "substantially burdened that exercise of religion").[3]

In this case, the plaintiff alleges facts from which, if proven to be true, establish that he is a sincere practitioner of the Hanafi school of the Muslim faith and that prison officials have substantially burdened his practice of that religion by refusing to permit him and other practitioners to gather to study and pray together twice a week. The plaintiff also states that other religious groups are treated more favorably than his. Based on the allegations in the complaint, the Court finds for purposes of the initial review required by the PLRA that the plaintiff has stated a colorable claim against the defendants under 42 U.S.C. § 1983 and RLUIPA.

V.    CONCLUSION

For the reasons set forth herein, the plaintiff's claims will be permitted to proceed past the initial screening. An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge

---

[3] After the prisoner makes this showing the burden shifts to the government to show that its refusal to accommodate the prisoner's request for a religious accommodation is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest." *Holt v. Hobbs*, 2015 WL 232143, at *7 (quoting 42 U.S.C. § 2000cc-1(a)).