IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PRESTON GRISHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-02023 |
| ) | |
| ) | Judge Trauger |
| DANIEL PRITCHARD, Associate Warden, and ) | Magistrate Judge Holmes |
| RANDALL RUNIONS, Chaplain, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the plaintiff's objection (ECF No. 51) to the Report and Recommendation ("R&R") filed by Magistrate Judge Barbara Holmes (ECF No. 47). Magistrate Judge Holmes recommends that defendant Randall Runions' motion for summary judgment (ECF No. 25) be granted, that the plaintiff's motion (ECF No. 45) seeking additional time to serve process upon defendant Daniel Pritchard be denied, and that the entire action be dismissed with prejudice.

Any party may, within fourteen days after being served with a magistrate judge's recommended disposition, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is properly made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The plaintiff's objection was technically not timely, having been submitted more than fourteen days after service of the R&R, but they are sufficiently specific to permit the court to address the issues at the heart of the parties' dispute. The court therefore reviews *de novo* the plaintiff's objection. However,

upon conducting the requisite review, for the reasons set forth herein, the court will accept the R&R and dismiss this action in its entirety.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff is a prisoner in the custody of the Tennessee Department of Correction ("TDOC") and confined at the South Central Correctional Facility ("SCCF"). He instituted this action in October 2014 against defendants Daniel Pritchard, former associate warden of SCCF, and Randall Runions, chaplain at SCCF. In his complaint, the plaintiff alleges that he practices the "Hanifa" [sic] school of thought, that he requested on several occasions that the Hanifa community be allowed to meet in a designated space "two times a week for studies [and] communal prayers," and that his requests have been denied. (ECF No. 1, at 3.) He alleges that prison officials' refusal to recognize the Hanifa community's right to practice their religion in a separate room violated his right to freely practice his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and resulted in the Hanifa group members' being treated differently from other religious groups. The complaint seeks injunctive relief only, in the form of a court order directing that the Hanifa community be permitted to practice "as the other religious groups are allowed to, two times a week for studies [and] communal prayers." (ECF No. 1, at 3.)[1]

The court conducted an initial review of the complaint and found that the plaintiff stated a colorable First Amendment claim under 42 U.S.C. § 1983 and a colorable claim under RLUIPA, 42 U.S.C. § 2000cc-1. Process was issued to both defendants, but process for defendant Pritchard was returned unexecuted with a notation that Pritchard had been transferred to "Jenkins Correctional in Georgia." (ECF No. 14, at 1.) To date, this defendant has not been served with the complaint.

On August 7, 2015, Defendant Runions filed his motion for summary judgment (ECF No. 25) along with a supporting memorandum of law (ECF No. 26), statement of undisputed facts (ECF No. 27), and his own declaration (ECF No. 29) as well as that of Leigh Stagg, SCCF Grievance Chairperson (ECF No. 28). In his motion, Runions argues that he is entitled to judgment as a matter of law because (1) the plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court; (2) the plaintiff has no evidence that Runions took any action that deprived the plaintiff of a constitutional right or imposed a

---

[1] The court takes judicial notice that the *Hanafi* school of thought is a subgroup within the Muslim faith, specifically within the Sunni sect.

substantial burden on the plaintiff's ability to exercise his religion; and (3) there is no evidence that Runions was personally responsible for the policies about which the plaintiff complains.

The plaintiff responded to the motion for summary judgment by filing a response in opposition (ECF No. 35), a declaration titled "Plaintiff Statement of Disputed Factual Issues" (ECF No. 36), and a "brief in opposition" (ECF No. 37). The plaintiff did not respond to the defendant's statement of undisputed material facts. In his brief, the plaintiff asserts that there are genuine issues of material fact as to whether having a separate space in which to meet with other members of the Hanafi community is a central tenet of the Hanafi faith and as to whether the prison officials' denial of their request for these accommodations imposes a substantial burden on a central tenet of the plaintiff's religion and is reasonably related to legitimate penological interests. (ECF No. 37, at 4 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987); and *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987)).) The plaintiff also filed a motion to compel service of process on defendant Pritchard and to extend the deadline for effective service. (ECF Nos. 40, 45.) He did not, however, address the defendant's exhaustion argument.

In the R&R, Magistrate Judge Holmes recommends that Runions' motion for summary judgment be granted on the basis that the plaintiff failed to properly exhaustion administrative remedies. (ECF No. 47, at 7.) In the alternative, the magistrate judge also concludes that dismissal is warranted on the merits, because there is insufficient evidence in the record from which a reasonable jury could find in favor of the plaintiff. The magistrate judge also noted that the same arguments for summary judgment made by defendant Runions apply to defendant Pritchard as well and therefore recommends that the plaintiff's motion for additional time to serve process upon defendant Pritchard be denied and this action be dismissed in its entirety.

In his objection to the R&R, the plaintiff insists that (1) he properly exhausted the administrative remedies available to him; and (2) material factual disputes preclude summary judgment on the merits of his claims.

## II. DISCUSSION

### A. Failure to Exhaust

The plaintiff's statement of fact does not address or refute the statements set forth in Runions' declaration and statement of undisputed facts concerning the question of exhaustion. Instead, the plaintiff

simply insists that, by presenting his grievance "through one complete round" of the prison grievance process, he properly exhausted his claims, regardless of whether he "complied with the grievance system's procedural requirements." (ECF No. 51.) He asserts that his situation is analogous to that of the plaintiff in *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), in which the Sixth Circuit found that the plaintiff had properly exhausted administrative remedies, because his grievance was considered on the merits rather than being denied as procedurally defaulted.

The defendant insists, to the contrary, that the plaintiff's grievance was not timely and did not follow the procedure governing requests for religious accommodations. The defendant argues that, as a result, the plaintiff did not properly exhaust. In support of this argument, Runions states in his declaration that, as chaplain of SCCF, he is familiar with TDOC policies governing an inmate's request for religious programs. (Runions Decl. ¶ 3.) Pursuant to TDOC policy, as implemented and followed at SCCF, an inmate must submit a request for religious accommodation to the chaplain. (*Id.* ¶ 4.) The chaplain consults with the warden, who forwards the inmate's request to TDOC's Director of Religious Services, who forwards the request to TDOC's Religious Activities Committee ("RAC"). (*Id.*) The RAC reviews and evaluates the request and recommends either that the request be approved or denied. (*Id.*) The RAC forwards its recommendation to the TDOC Commissioner, who ultimately makes the decision whether to approve or deny the request. (*Id.*) The Director of Religious Services notifies the inmate, the warden, and the chaplain of the decision. (*Id.*) At that point, if the inmate disagrees with the determination, he may file a grievance and appeal the grievance through the ordinary procedures. (*Id.* ¶ 5.)

There is no dispute that the plaintiff is a member of the Hanafi community or school of thought and that he is a long-time adherent of this faith. The chaplain identifies the Hanafi community as a subgroup of the Ahlus Sunnah Wal Jam'ah ("Sunni") sect of Islam. (*Id.* ¶ 6.) The plaintiff filed a grievance on May 9, 2014 alleging that on April 30, 2014, the Hanafi community was denied a separate space in which to practice the group's religion. The plaintiff was notified in writing that a prior request for access to a separate, private religious room made by the Ahlus Sunnah Wal Jama'ah sect at SCCF had been denied in 2012 after the RAC determined that the group was "adequately represented by an existing faith group for which this accommodation has been made." (*Id.* ¶ 8; *see also* Runions Decl. Ex. A (DS 11-1969

(RAC # 12-005)).) The plaintiff was nonetheless encouraged to submit a new request for consideration by the RAC as required by TDOC policy. (Runions Decl. ¶ 8.) The plaintiff elected not to do so. (*Id.* ¶ 14.)

The plaintiff's May 9, 2014 grievance shows, under the heading "Summary of Supervisor's Response/Evidence": "The same type of religious service is already held. A previous request has been submitted and was disapproved." (Staggs Decl. Ex. A, ECF No. 28, at 7.) This statement presumably summarizes Chaplain Runions' response to the plaintiff's grievance. However, under "Chairperson's Response and Reason(s)," SCCF Grievance Chairperson Leigh Staggs stated only: "Inappropriate per Policy 501.01 Sec. VI C-1 7 day limitation." (Id.) In other words, although the "supervisor" responded to the grievance on the merits, the grievance was actually denied as untimely. (*See id.* at 6.) The plaintiff appealed, but at step 2 of the grievance procedure, the Warden stated: "Concur w/ Chair & Supervisor." (Id.) At the step 3 appeal, the Deputy Commissioner of Operations checked the box indicating that he concurred with the warden. (*Id.* at 5.)

According to Staggs' declaration, SCCF and TDOC policies require an inmate to submit a grievance within seven days of the occurrence giving rise to the grievance. (Stagg Decl. ¶ 6.) She personally reviewed the plaintiff's May 9, 2014 grievance and denied it on May 19, 2014 on the basis that it was not filed within seven days of the occurrence giving rise to the grievance.

In *Reed-Bey*, the case upon which the plaintiff relies, the district court dismissed the prisoner-plaintiff's action for failure to exhaust and the Sixth Circuit reversed, finding that the plaintiff had exhausted his claim because the Michigan Department of Corrections opted to dismiss his grievance on the merits rather than to invoke an available procedural bar.[2] *Reed-Bey*, 603 F.3d at 326. The Sixth Circuit held that if the prison considers a grievance on the merits, this allows a federal court to consider the grievance's merits, "even when a procedural default might otherwise have resolved the claim." *Id.* at 325.

In *Cook v. Caruso*, 531 F. App'x 554 (6th Cir. 2013), the Sixth Circuit distinguished the facts of the case before it from those at issue in *Reed-Bey*, observing that plaintiff Reed-Bey had "'properly exhausted his claim because he invoked one complete round of the Department's grievance procedures

---

[2] In *Reed-Bey*, the plaintiff "failed to identify the 'names of all those involved' in the grievance, as the prison's grievance procedures require[d]." *Reed-Bey*, 603 F.3d at 323.

and received merits-based responses *at each step*.'" *Cook*, 531 F. App'x 554, 563 (6th Cir. 2013) (quoting *Reed-Bey*, 603 F.3d. at 326 (emphasis added by *Cook*)). In *Cook*, however, the plaintiff "did not receive merits-based responses . . . at any step in the grievance process." The grievance was rejected at Step I as untimely, at Step II as already resolved (and therefore not addressed on the merits) and at Step III as "untimely, illegible, duplicative. Untimely rejected occurred at Step I and is upheld at Step III." *Cook*, 531 F. App'x at 563 (quoting from the record before it). The court added: "Simply mentioning that the prison reviewed the record does not a merits-based response make." Because the plaintiff had not received a "merits-based response at each step," the claim was not exhausted. *Id. Accord Woodford v. Ngo*, 548 U.S. 81, 88, 90 (2006) (rejecting the respondent's argument that exhaustion, for purposes of the PLRA, required only "bare exhaustion" and holding, to the contrary, that the doctrine of administrative exhaustion requires "[p]roper exhaustion," including "compliance with an agency's deadlines and other critical procedural rules").

In the case at bar, the plaintiff's position is more closely analogous to that in *Cook* and *Woodford* rather than that in *Reed-Bey*. The plaintiff's reliance upon *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003), is unavailing. In that case, the Sixth Circuit indeed held that, "so long as an inmate presents his or her grievance to prison officials and appeals through the available procedures, the inmate has exhausted his or her administrative remedies, and a prison's decision not to address the grievance because it was untimely under prison rules shall not bar the federal suit. *Id.* at 723. That decision was abrogated by *Woodford v. Ngo*, *supra*. Here, the grievance chairperson rejected the plaintiff's grievance as untimely. That decision was upheld at the first and second levels of the appeal. The passing reference to concurrence with the "supervisor" as well as with the grievance chairperson does not mean that exhaustion was satisfied.

Moreover, the plaintiff does not dispute that the appropriate method of pursuing a grievance based on a religious-observance issue requires first filing a request for a religious accommodation with the chaplain, who submits the request up through the chain of command to the RAC. Only after a decision by the RAC, which is either rejected or approved by the Commissioner, may the plaintiff file a grievance related to the denial of the requested religious accommodation. The plaintiff does not dispute

the defendant's assertion that this is a mandatory procedure, that the plaintiff was notified that he needed to follow it, or that he failed to follow it.

Based on the undisputed evidence in the record, the court finds that the plaintiff failed to properly exhaust his administrative remedies, both because his initial grievance was denied as untimely at every level of the grievance procedure and, more particularly, because the plaintiff failed to follow the specific procedure that governed his request for a religious accommodation. The plaintiff's objection to the magistrate judge's recommendation that the defendant's motion for summary judgment be granted on this ground will therefore be overruled.

Because the court finds that the plaintiff failed to exhaust administrative remedies and that his claim is therefore defaulted, the court does not reach the merits of his claim, or the magistrate judge's determination that summary judgment in favor of the defendants is warranted on the merits.

### B. Failure to Effect Service on Defendant Pritchard

Because the failure to exhaust affects the plaintiff's claims against defendant Pritchard as well as those against defendant Runions, the court likewise accepts the recommendation that the plaintiff's motion to extend the time to effect service upon defendant Pritchard be denied.

### III. CONCLUSION

For the reasons set forth herein, the court will overrule the plaintiff's objection to the magistrate judge's finding that his claims are subject to dismissal for failure to exhaust. Because the plaintiff failed to exhaust, the complaint is subject to dismissal, and extension of the deadline for effective service upon defendant Pritchard would be futile. The court will therefore deny that motion and dismiss this action in its entirety.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge